**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **TIARA ALEXANDER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:21-cv-00706-JPH-DLP** |
| **INDIANA UNIVERSITY HEALTH WEST HOSPITAL, INC.,** | |
| **Defendant.** | |

## CASE MANAGEMENT PLAN

A.   *Plaintiff:*   Tiara Alexander

   *Defendant:*   Indiana University Health West Hospital, Inc.

B.   Counsel for Plaintiff:

   Andrew Dutkanych
   Ryan Sullivan
   BIESECKER DUTKANYCH & MACER, LLC.
   144 N. Delaware Street
   Indianapolis, Indiana 46204
   Tel.: (317) 991-4765
   Facsimile: (812) 424-1005
   Email: ad@bdlegal.com
             rsullivan@bdlegal.com

   Counsel for Defendant:

   Brian Lee Mosby
   Sarah A. Fox
   LITTLER MENDELSON P.C.
   111 Monument Circle
   Suite 700
   Indianapolis, IN 46204
   Email: bmosby@littler.com
             sfox@littler.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.     **Jurisdiction and Statement of Claims**

A.     The parties agree that jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

B.     Plaintiff's Synopsis:  Plaintiff brings this action against Defendant, alleging a violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*  In particular, Plaintiff alleges that Defendant discriminated against her based on her race.  Plaintiff was hired by Defendant on or about January 7, 2021, as a Team Lead in Environmental Services.  She began orientation and training on January 25, 2021.  Most recently, Plaintiff served as a Business Advisor. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.  Plaintiff is a tall African American woman.  During orientation and training, she was told that she intimidated others due to her race and size.  Plaintiff was the only African American Team Lead in Environmental Services.  On January 29, 2021, Defendant had Plaintiff escorted out by police because she was intimidating.  She was told that Human Resources would follow up with her the next day.  She was not informed that she was terminated, and no one from Defendant has followed up with her.

C.     Defendant's Synopsis:  Defendant Indiana University Health West Hospital, Inc. ("IU Health West") employed Plaintiff Tiara Alexander from January 25, 2021 until her employment termination on February 4, 2021.  Alexander began orientation for a position as Housekeeper on January 25, 2021.  During the following three days of orientation, Alexander used profane language in front of patients, failed to check in for her shift, and exhibited inappropriate behavior, including insubordination.

On January 28, 2021, after several displays by Alexander of disrespect and insubordination, Toni Byrd, Director, recommended Alexander's suspension pending an investigation, and asked Alexander to come into the office that afternoon.  While Byrd spoke to her about her unacceptable behavior, Alexander became irate and began to loudly FaceTime someone on her cell phone.  Alexander continued to loudly and aggressively FaceTime with someone on her phone as security escorted her off the premises.  Byrd, who is Black, consulted with Human Resources personnel and recommended termination of Alexander's employment. Human Resources concurred with Byrd's recommendation, and on February 4, 2021, Byrd terminated Alexander's employment.  Byrd spoke to Alexander by phone and told her that her repeated misconduct caused IU Health West to terminate her employment.  Alexander's race had no bearing on IU Health West's decision to terminate her employment.  IU Health West denies Alexander's allegations and asserts Alexander is not entitled to any relief.

### III.   Pretrial Pleadings and Disclosures

A.   The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 23, 2021.**

B.   Plaintiff(s) shall file preliminary witness and exhibit lists on or before **July 30, 2021**.

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **August 6, 2021**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 23, 2021**.

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 23, 2021.**  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

> III. E.: The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service. These should be emailed to Judge Pryor at mjpryor@insd.uscourts.gov.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 23, 2022.**  Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 25, 2022** or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 25, 2022.**

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **August 3, 2022.**  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.      All parties shall file and serve their final witness and exhibit lists on or before **May 23, 2022**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      <u>Discovery of electronically stored information ("ESI")</u>. At this time, the parties do not believe a substantial volume of ESI will be produced in this case. If, as the case progresses, the parties do believe a substantial volume of ESI is likely to be produced the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary.

   1.   <u>Nature of Production of ESI</u>. Absent any objection, electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party .pdf copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request a native format electronic copy, including any associated metadata and embedded data, be provided to it. If a requesting party requests the examination of any hard drives, servers, computers, voice mail systems, or other electronic devices or components, such disclosure, if appropriate, shall be made in a commercially reasonable manner, absent any objection from the producing party.  The parties further agree to cooperate in good faith concerning the form in which ESI is to be produced when requested in a different format before bringing a motion to compel.   The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection.

   2.   <u>Cost and Burden of Producing Electronic Discovery</u>.  Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such documents shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the costs of assembling the responses to the requests; (2) Any extraordinary costs for duplication shall be allocated to the requesting party; and (3) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine

the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

3.    <u>Unintentional Disclosure of Privileged Documents</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

4.    <u>Preservation of Data</u>. Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

5.    <u>Additional Issues</u>. At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

## IV.   <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate;

---

[1]  The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline.  Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?  If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Yes.  IU Health West intends to file a motion for summary judgment.  Alexander cannot prove her race motivated IU Health West to terminate her employment because IU Health West terminated Alexander's employment for legitimate, non-discriminatory reasons.

B.    On or before **January 31, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

_____X_____ Track 2: Dispositive motions are expected and shall be filed by **March 23, 2022**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 24, 2022**; expert witness discovery and discovery relating to damages shall be completed by **June 23, 2022**. All remaining discovery shall be completed by no later than **July 25, 2022**.

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.  **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in <u>November 2021</u>.**

## VI.    **Trial Date**

The parties request a trial date in **December 2022**. The trial is by jury and is anticipated to take <u>3</u> days.  Counsel should indicate here the reasons that a shorter or longer track is appropriate.  While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management

order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

## VII.   Referral to Magistrate Judge

A.   **Case**.  At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.   **Motions**.  The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.  If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII.   Required Pre-Trial Preparation

A.   **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.   File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.   Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.   Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.   brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers,

that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.      Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.      Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.      **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.      File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.      Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   <u>Other Matters</u>

None.

Respectfully submitted,

*/s/ Ryan Sullivan*
Andrew Dutkanych (#23551-49)
Ryan Sullivan (#34217-64)
BIESECKER DUTKANYCH & MACER, LLC.
144 N. Delaware Street
Indianapolis, Indiana 46204
Tel.: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
          rsullivan@bdlegal.com

*/s/ Brian L. Mosby*
Brian L. Mosby (#26096-29)
Sarah A. Fox (#35667-49)
LITTLER MENDELSON P.C.
111 Monument Circle
Suite 700
Indianapolis, IN 46204
Email: bmosby@littler.com
          sfox@littler.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON __6/9/2021__ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| X | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR ___November 15, 2021___ AT __1:30 P__.M.  COUNSEL SHALL APPEAR:<br><br>_____X_____ IN PERSON IN ROOM __255__; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN __March 23, 2022.__  Discovery shall be completed by January 24, 2022. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

6/11/2021
_____
Date

Hon. Doris L. Pryor
United States District Court
Southern District of Indiana

4830-5826-0968.4 / 081028-1021